UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-0014** |
| **SLIDELL POLICE DEPARTMENT, ET AL.** | **SECTION: "J"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Andrew David Wetzel, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Slidell Police Department, Slidell Chief of Police Freddie Drennan, Slidell Mayor Ben Morris, and the City of Slidell. In this lawsuit, plaintiff complains about the living conditions at the "Slidell Jail." Plaintiff describes as "inadequate" the jail's "lighting, housekeeping, maintenance, privacy, access to counsel, staffing, mail and medical attention." Plaintiff states that the jail has inadequate "fire escape routes" and lacks indoor and outdoor exercise facilities and "written rules." Finally, plaintiff complains about a "lack of supervision" over the jail's "staff."

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that many of plaintiff's claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

<u>Slidell Police Department</u>

The Slidell Police Department has been named as a defendant in this lawsuit. However, as was recently noted in a separate case against that defendant,

> [t]he police department is not a legal entity or person capable of being sued. The State of Louisiana grants no such legal status to any law enforcement office or department. The Slidell Police Department is not a "person" for purposes of Section 1983 liability. Under these circumstances, all claims against the Slidell Police Department must be dismissed as legally frivolous.

<u>Miles v. Slidell Police Department</u>, Civ. Action No. 07-8824, 2008 WL 544523, at *2 (E.D. La. Feb. 26, 2008) (citations omitted).

<u>City of Slidell</u>

Plaintiff has also sued the City of Slidell; however, plaintiff has not alleged a proper <u>Monell</u> claim[2] against the city in this case. Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

<u>Spiller v. City of Texas City, Police Department</u>, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Plaintiff has made no allegation whatsoever that the alleged

---

[2] See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

deficiencies in the living conditions at the Slidell Jail were the result of any policy or custom of the City of Slidell.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the Slidell Police Department and the City of Slidell be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of January, 2009.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**