UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 09-0014 |
| SLIDELL POLICE DEPT., FREDDIE DRENNAN, BEN MORRIS, CITY OF SLIDELL | SECTION "J"(3) |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (Rec. Doc. No. 17) filed by the defendants, Slidell Police Chief Freddie Drennan and Slidell Mayor Ben Morris. The motion, along with the entire matter, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Andrew David Wetzel, was incarcerated in the St. Tammany Parish Jail at the time of the filing of this complaint.[1] Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, Wetzel filed this *pro se* and *in forma pauperis* complaint against the

---

[1] Rec. Doc. No. 1.

defendants, the Slidell Police Department, Slidell Police Chief Freddie Drennan, Slidell Mayor Ben Morris, and the City of Slidell, challenging the conditions of his confinement at the Slidell City Jail.

Wetzel alleges as that he was exposed to inadequate conditions at the jail, including "lighting, housekeeping, maintenance, privacy, access to counsel, staffing, mail and medical attention."[2] He also complains that the jail has inadequate "fire escape routes," lacks indoor and outdoor exercise facilities, and has no "written rules." Finally, plaintiff complains about a "lack of supervision" over the jail's staff. He requests as his relief that the jail be required to correct the listed problems and award him $50,000 in damages.

On January 27, 2009, the undersigned issued a partial report in which it was recommended that the claims against the Slidell Police Department and the City of Slidell be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A.[3] The District Judge adopted the report, over the objections of the plaintiff, and dismissed the claims as recommended.[4]

On March 2, 2009, the remaining defendants, Drennan and Morris, filed the instant motion to dismiss Wetzel's claims.[5] The defendants argue that Wetzel's complaint fails to state a claim against them and otherwise lacks an arguable basis in law and fact. They alternatively argue that they are entitled to qualified immunity, and that Wetzel failed to exhaust administrative remedies before filing this complaint. The defendants also argue that Wetzel's 24 to 36 hours in the jail was not sufficient to warrant relief under the Constitution. They also point out that Wetzel was out of

---

[2]Id.

[3]Rec. Doc. No. 5.

[4]Rec. Doc. No. 13.

[5]Rec. Doc. No. 17.

the prison for eight months before this suit was filed. Further, they argue that none of the conditions alleged were imposed upon him as punishment.

Wetzel opposes the motion stating, under a broad reading, that he wrote letters of complaint to the jail and the mayor for months before he filed this suit.[6] He also alleges that the jail did not have a grievance system for him to exhaust. He argues that the conditions of the jail violated his Eighth Amendment right to be free from cruel and unusual punishment.

In reply to the opposition, the defendants aver that Wetzel erred in seeking protection under the Eighth Amendment since he was a pretrial detainee at the time he was held in the Slidell City Jail.[7] They also argue that he has failed to establish a Fourteenth Amendment claim arising from the alleged conditions at the jail since the conditions were not imposed upon him as punishment. The defendants contend that the jail has a "long standing" administrative grievance process which was available to the plaintiff. Finally, the defendants urge that Wetzel has failed to overcome the qualified immunity defense, has failed to state a claim upon which relief can be granted, and has raised matters in his opposition which arose during his prior detention in 2007 which have prescribed.

## II. STANDARDS OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly,

---

[6]Rec. Doc. No. 19.

[7]Rec. Doc. No. 23.

3

550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the Bell the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id., 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id., 127 S. Ct. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F. 3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Further, the Fifth Circuit has held that, when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. Howard v. King, 707 F.2d 215 (5th Cir. 1983); see also, Haines v. Kerner, 404 U.S. 519 (1972). In Taylor v. Gibson, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints,

> are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

Taylor v. Gibson, 529 F.2d 709, 713-14 (5th Cir.1976); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997).

### III. Analysis

#### A. Failure to Exhaust Defense

As an initial matter, the defendants argue that the claims against them should be dismissed for failure to exhaust. The defendants reference an administrative remedy process at the jail, which they argue the plaintiff has failed to exhaust contrary to the mandates of 42 U.S.C. § 1997e. However, the defendants have failed to provide any information regarding this process.

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Therefore, by its very terms, the PLRA applies to the § 1983 claims raised by the plaintiff.

5

The failure to exhaust is an affirmative defense and "the PLRA does not itself require plaintiffs to plead exhaustion." Jones v. Bock, 549 U.S. 199, 217 (2007). Therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*., at 216 (emphasis added). Instead, because exhaustion is an affirmative defense, defendants bear the burden of proof concerning ARP exhaustion both at trial and on a motion for summary judgment. *Id*.

"Thus, if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." (emphasis in original) Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986); accord Martin v. Alamo Community College Dist., 353 F.3d 409, 412 (5th Cir. 2003).

The defendants have the burden to establish that there is no material issue of fact for trial on the affirmative defense of exhaustion. Martin, 353 F.3d at 413. If defendants fail to establish any essential element of their affirmative defense, Id., or if plaintiff introduces evidence sufficient to create a genuine material fact issue in dispute regarding an element of that defense, Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 388-89 (5th Cir. 2001), the motion must be denied. In this case, the defendants have failed to meet their burden on the failure to exhaust defense for the following reasons.

First, the defendants do not present the Court with any affidavits or other materials which would establish that a grievance system is in place, what the steps of that process are, or proof that the plaintiff was on notice of the process available to him. Although this is a motion to dismiss, the Court could have considered outside materials and considered the motion as one brought under Fed.

6

R. Civ. P. 56, with adequate notice to the plaintiff. See Fed. R. Civ. P. 12(d). Such is not the case here and the defendants have not requested that level of review.

The defendants have failed to present any supporting documentation for this defense or for the alleged "uncontested facts" outlined in the memorandum in support of their motion. The affirmative defense must be rejected on the showing made.

**B.     Relief under the Eighth Amendment and Due Process Clause**

Contrary to defendants arguments, it is well settled that the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case regardless of whether an inmate is a pretrial detainee or a convicted prisoner. Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hamilton v. Lyons, 74 F.3d 99, 104 n.3 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). In Hare, the United States Fifth Circuit Court of Appeals held that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs and that a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk. Hare, 74 F.3d at 641-42, 646. The phrase "deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). This standard applies to claims of inadequate jail conditions. See Hare, 74 F.3d at 650.

Plaintiff sufficiently alleges that the jail was unsanitary, unsafe, and otherwise deprived him of basic accommodations, no matter the length of his stay there. See Scott v. Moore, 114 F.3d 51,

7

53 n.2 (5th Cir. 1997); but see, Gautreaux v. Eunice City Jail, No. 06-1403, 2007 WL 276194 (W.D. La. Jan. 3, 2007) (Report and Recommendation) (general claims of lack of cleanliness are insufficient to state a claim of denial of minimal necessities). Before addressing whether his claims can survive the pending motion, the Court recognizes that, as part of his relief against the movants, Wetzel seeks repair of these conditions. This request was, however, moot at the time of filing since he was no longer in the Slidell City Jail at the time his suit was filed, and any injunctive relief could not be prospective in nature under these circumstances. Painter v. Whitley, 686 F. Supp. 150 (E.D. La. 1988); see also, Pugh v. Sheppard, No. 500CV410C, 2002 WL 32140317 at *2 (N.D. Tx. Dec. 20, 2002) (quoting Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)).

Wetzel, however, also requests monetary damages. Thus, he must present proof of an individual defendant's personal involvement in the alleged wrong as a prerequisite to a defendant's liability on a claim for damages under §1983. He has not met this burden.

A state actor may be liable under §1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir. 1980). He must also show that these actions were taken with intentional indifference to a known risk of harm. Farmer, 511 U.S. at 847.

In this case, Wetzel has not established that the defendants had such a culpable state of mind. He has not alleged that either the police chief or the mayor were personally involved in or had knowledge of the conditions of his confinement while he was in the jail. In his opposition, he indicates that he wrote to the jail and the mayor during the eight month period after he was

8

transferred out of the jail and before he filed this suit. Thus, there is no showing or allegation that the defendants had knowledge of the alleged conditions of his confinement while he was in the jail.

Furthermore, Wetzel can not impose liability on the chief or the mayor in their roles as supervisory officials. Section 1983 does not provide for a supervisory official to be held vicariously liable or liable under a theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. See Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1220 (5th Cir. 1979). Wetzel has failed to state a cognizable claim against Drennan or Morris arising out of the conditions of his confinement at the Slidell City Jail. For these reasons, the defendants' motion should be granted.[8]

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 17)** filed by the defendants, Slidell Police Chief Freddie Drennan and Slidell Mayor Ben Morris, be **GRANTED** and that the plaintiff's § 1983 claims against them be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[8] The Court need not address the defendants' alternative qualified immunity defense since a basis exists for the granting of their motion. The Court also finds that the prescription defense is superfluous since Wetzel has not raised claims arising from his 2007 confinement in the Slidell City Jail.

court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 14th day of April, 2009.

*[signature: Daniel E. Knowles, III]*

                **DANIEL E. KNOWLES, III**
              **UNITED STATES MAGISTRATE JUDGE**